IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JASON WOODS,

    Petitioner,

v.                                            CASE NO. 5:05-cv-00230-SPM-AK

JOSE BARRON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, § 2241 Petition for Writ of Habeas Corpus, filed by Jason Woods. Respondent has filed his answer, Doc. 9, and Petitioner has filed a reply. Doc. 12. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner is presently serving a 70-month sentence from the United States District Court for the Middle District of Florida for possession with intent to distribute 500 grams or more of cocaine. In reaching this sentence, the district court assessed a two-point enhancement for possession of firearms. Doc. 9, Ex. 3. Petitioner is confined at FCI Marianna; thus, this cause is properly filed in this Court. He is presently scheduled for release on September 26, 2008. *See* http://www.bop.gov.

Petitioner was originally assigned to FCC Coleman. At that facility, he was notified that he qualified for the Residential Drug Abuse Program (RDAP) and that he was provisionally

eligible for early release.  Doc. 9, Ex. 2.  At that time, Dr. Richard Herman, positively determined that Petitioner did not have "a current crime that is an excluding offense in BOP categorization of offenses policy," i.e., he did not have either (1) "a crime of violence as contained in BOP categorization of offenses policy," or (2) "an excluding crime by the director's discretion in categorization of offenses policy."  *Id*.  The qualification and provisional eligibility notice also advised Petitioner:

> Understand that nearing the time of your release, the warden will determine if you are eligible for transfer to a community-based program.  If you are not eligible, you cannot complete the community transitional services portion of the drug program, and therefore, you may not receive a § 3621(e) release.

*Id*.  At the end of the form, Petitioner acknowledged that the determination of early release was "provisional, may change, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services."  *Id*.

Thereafter, Petitioner was transferred from FCC Coleman to FCI Marianna so that he could begin participation in the RDAP.  Once he was transferred, the Drug Treatment Specialist at Marianna, Gary Poole, "as part of [his] routine practice," reviewed Petitioner's file.  Doc. 9, Ex. 3.  During that review, Poole "realized that a two-point enhancement for possessing weapons was noted in his Pre-sentence Report (PSR)."  *Id*.  "Based on this two-point weapons enhancement, [Poole] determined that the petitioner was not eligible for early release consideration."  *Id*.  Poole reached this conclusion based on BOP policy and regulations which indicate that BOP "is authorized to deny inmates early release eligibility if, in the Director's discretion, the current offense involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives...."  *Id*.  On May 26, 2005, Poole advised Petitioner of his

conclusions.  Doc. 9, Ex. 4.  While Poole concluded that Petitioner was not provisionally eligible for early release because of the two-point firearms enhancement, in Section 2 of the notice, Poole indicated that Petitioner did not have any disqualifying crimes.  *Id*.  According to Poole's affidavit, he later noticed that he had made a clerical error and had "inadvertently indicated that the petitioner's offense was not one that under the Director's discretion would disqualify him from early release consideration."  Doc. 9, Ex. 3.  Petitioner refused to sign the notice.  Doc. 9, Ex. 4.  Poole denied that his second review of Petitioner's file was "an arbitrary and capricious decision."  Doc. 9, Ex. 3.  According to him, BOP policy requires staff to conduct a final review before an inmate can be released pursuant to § 3261(e).  *Id*.  He then explained:

> In this case, since the Petitioner's first review was not done by me, I reviewed his file in order to ensure that he was eligible for early release.  Had I not conducted this review upon his transferring to FCI Marinna, a final review of the petitioner's file would have been done prior to his completing the drug program.  At that time, I would have noticed the error and he would have been deemed ineligible for early release because of the two-point enhancement.  This is one of the reasons inmates are advised that their early release eligibility is provisional and could change at any time.

*Id*.

Petitioner pursued his administrative remedies, and at each level, he was denied relief. *See* Doc. 9, Ex. 5-7.  At the final level of appeal, the administrator concluded:

> Pursuant to 28 C.F.R. § 550.58 and Program Statement 5330.10, <u>Drug Abuse Programs Manual</u>, the Bureau os authorized to deny inmates early release eligibility if, in the Director's discretion, the current offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives...."  Furthermore, on January 10, 2001, in <u>Lopez v. Davis</u>, the United States Supreme Court upheld 28 C.F.R. § 550.58 as a permissible exercise of discretion by the Director of the BOP under 18 U.S.C. § 3621(e)(2)(B).
>
> Bureau records reflect you were convicted of Possession with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 841(a)(1).  It is noted

> the Warden and Regional Director's responses inadvertently indicate your offense involved a conspiracy. At sentencing...the Court determined you were in possession of a weapon at the time of your offense and applied a two-point enhancement as a Specific Offense Characteristic. In accordance with Program Statement 5162.04, <u>Categorization of Offenses</u>, Section 7.b., the Bureau used the sentencing court's imposition of the two-point enhancement as evidence that you met this criteria. There is no entitlement to an early release but it is at the Director's discretion. Therefore, we find the decision that you are precluded from receiving a sentence reduction to be consistent with the above-referenced statute, regulation, and program statements.
>
> The cases you cite do not change the analysis of your case insofar as the sentencing court's imposition of the enhancement for your current offense has not been modified or otherwise vacated by a court with appropriate jurisdiction. Additionally, we find that the information in you Pre-Sentence Investigation Report (PSR) is sufficiently reliable to justify the decision.

Doc. 9, Ex. 7.

The instant petition ensued. On this occasion, Petitioner complains that the Bureau of Prisons breached its contract with him when it declared him ineligible for early release after having already deemed him eligible. Doc. 1. He also charges that the Bureau acted arbitrarily and capriciously when it changed Petitioner's eligibility status and that it violated the Administrative Procedure Act (APA) in implementing Program Statements 5162.04 and 5330.10.

## **DISCUSSION**

Section 3621 of Title 18 of the United States Code governs the imprisonment of persons convicted of federal crimes and provides, in pertinent part, for the "appropriate substance abuse treatment for each prisoner the Bureau [of Prisons] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To carry out this objective, the Bureau "shall, subject to the availability of appropriations, provide residential substance abuse treatment

(and make arrangements for appropriate aftercare)...." *Id*. at § 3621(e)(1).

As an incentive for successful completion of a drug treatment program, the "period a prisoner convicted of a nonviolent offense remains in custody...may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." *Id*. at § 3621(e)(2)(B). The reduction in sentence is discretionary with the BOP: "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

When determining eligibility for early release, the BOP "need not blind itself to pre-conviction conduct," and it acts reasonably "both in taking account of pre-conviction conduct and in making categorical exclusions." *Id*. at 242. Thus, an inmate whose current offense is a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" is not eligible for early release. 28 C.F.R. § 550.58(a)(1)(vi)(B). Furthermore, if the inmate was convicted of a controlled substance violation pursuant to 21 U.S.C. § 841 and the Court assessed sentencing points for the Specific Offense Characteristic of possession of a firearm, then the inmate may, "[a]s an exercise of the discretion vested in the Director," be denied early release. U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5162.04 (Oct. 9, 1997).

The Bureau is afforded wide discretion in its classification of the prisoners under its care, custody, and control, *Cohen v. United States*, 151 F.3d 1338, 1342-44 (11th Cir. 1998), and after carefully considering the matter, the Court finds nothing either arbitrary or capricious about its determination that Petitioner should be denied eligibility for early release. The Bureau was

perfectly within its authority to consider the official documentation in the PSR of the firearms possession, and the fact that Petitioner was not convicted of a firearms offense itself is of absolutely no consequence.

In support of his claim that BOP acted arbitrarily and capriciously when it reevaluated his eligibility for early release, Petitioner cites authority from the Ninth Circuit, *see Galle v. Clark*, 346 F.Supp. 1052 (N.D. Cal. 2004), which this Court finds neither binding nor persuasive. Petitioner has absolutely no constitutional right to early release, *Cook v. Wiley*, 208 F.3d 1314, 1323 (11th Cir. 2000), and as Mr. Poole stated in his affidavit, the Bureau retains the right to make a final review of an inmate's eligibility for early release before he is transferred to a community-based program. *See* Program Statement 5330.10 at 6.6 & Attach. K. This final review requires the BOP to examine "all relevant statutory and regulatory criteria," *id*. at 6.6, including whether the inmate's current offense is an "excluding crime" pursuant to the Director's Discretion as outlined in the BOP Categorization of Offenses, i.e., Program Statement 5162.04. If there are any disqualifying nswers, the reviewer "may stop the review" since "the inmate shall not receive a provisional early release." *Id*. The Bureau retains this right of final review because the "decision to grant an inmate early release is a significant one...." *Id*. at 6.6.

In the Court's opinion, this right of final review highlights the intended provisional nature of eligibility for early release since, until the four pertinent officials have reviewed and authorized the transfer, all criteria for early release are subject to reevaluation, not just those pertaining to whether the inmate has successfully completed the institutional-based components of the RDAP. *Id*. at Attach. K. Thus, the BOP was well within its discretion in reevaluating Petitioner's eligibility for early release upon his transfer to FCI Marianna. The qualification and

eligibility notice which Petitioner finds contractual in nature is merely a notice of provisional eligibility for early release.  It is absolutely not a binding finding of eligibility for or a guarantee of early release.  While the *Lopez* Court did not specifically consider the provisional notice in contractual terms, it certainly recognized the provisional nature of early release in that even if all prerequisites for early release are met, the Bureau "'may,' but also may *not*, grant early release." *Lopez*, 531 U.S. at 239 (emphasis in original).

As to Petitioner's argument that the relevant program statements are void because they were not properly subjected to public notice and comment pursuant to the APA, it is without merit.  The effective date of the version of § 550.58 applicable to Petitioner's 2004 conviction was December 22, 2000, and the pertinent program statements merely clarify and explain the statutory language and thus, are interpretive rules that are not subject to notice and comment. *See* 5 U.S.C. § 553(b)(3)(A); *Cook*, 208 F.3d at 1317; *Walter v. Bauknecht*, 155 Fed. Appx. 463, 467 (11th Cir. 2005); *Gunderson v. Hood*, 268 F.3d 1149, 1155 (9th Cir. 2001).

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *2nd* day of March, 2007.

                                *s/ A. KORNBLUM*
                                **ALLAN KORNBLUM**
                                **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may**

**respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**